Terrill, &c. vs. Cecil.

---

CASE 38—MOTION—FEBRUARY 13.

## Terrill, &c. vs, Cecil.

### APPEAL FROM PIKE COUNTY COURT.

Notice of a motion in the county court, against a sheriff and his sureties, for failing to pay a county creditor a claim due him, must aver that the name of the plaintiff in the motion, (the creditor,) was upon the list of claims furnished the sheriff by the clerk of the county court.

The notice must also show that payment of the claim had been demanded of the sheriff. The notice, in such cases, must contain all the requisites of a petition.

Although the defendants in such motion may make default, yet the facts relied upon in the notice must be established by proof.

The ten per centum allowed by the statute against a sheriff and his sureties for failing to pay a county creditor a claim allowed by the county court, is not given in the form of interest, or made payable annually, but is given as *damages* on the amount due.

R. APPERSON, JR., for appellants, cited *sec.* 5, *chap.* 26, *Rev. Statutes; Civil Code, secs.* 15, 20; 4 *J. J. Mar.*, 14; 18 *B. Mon.*, 621; *Pr. Dec.*, 380.

R. T. BURNS, on same side, cited *session acts* 1853–4, *page* 18; *Rev. Stat., page* 210; 18 *B. Mon.*, 620.

Terrill, &c. vs. Cecil.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This was a proceeding by motion in the Pike county court, against the sheriff and his sureties, for failing to pay certain claims which it is alleged had been allowed Cecil by the county court.

The statute on which the proceeding is founded provides, in substance, that if the sheriff, or collector of the county levy, shall fail to satisfy the county creditors, *whose names are upon the list* furnished him by the clerk, the claims due them respectively, on or before the first day of October in each year, *if demanded* of him, he and his sureties shall be liable for such claims, with ten per centum on the amount due, recoverable by suit on the bond, or by motion in the county court.

The notice of the motion in this case is defective in the following essential particulars:

1. It fails to show that the name of the plaintiff in the motion was upon the list of claims furnished by the clerk; or,

2. That payment of the claim had been demanded of the sheriff.

By the express terms of the statute the liability of the officer, in a proceeding of this kind, is made to depend upon the existence of the two facts indicated, and unless they are shown by appropriate allegations in the notice, it must be deemed insufficient, under the well settled rule which requires that the notice in such cases must contain all the requisites of a petition.

But the judgment itself is manifestly erroneous. It not only appears to have been rendered by default, but it allows to the plaintiff the several sums claimed, "with interest thereon at the rate of ten per cent. per annum from the 19th day of February, 1860, until paid."

In the case of *Todd, &c. vs. Caines*, (18 *B. Mon.*, 621,) it was expressly decided, that although the defendants may make default, yet the facts relied on in the notice must be established by proof; and that the ten per centum allowed by the statute is not given in the form of interest, or made payable annually, but is given in the form of damages on the amount due.

It is deemed unnecessary to notice various other points made in argument.

For the errors mentioned the judgment is reversed, and the cause remanded with directions to dismiss the motion.