JUDGE BULLITT
deliveked the opinion op the cocet:
This was a proceeding;, by motion, in the Marion , county-court, against the sheriff and his sureties,, for failing to pay certain claims which, it is alleged, had been, allowed.to,Healy, by said court.
*258 1. It is contended that the notice of the motion is defective, because it fails to aver that theye was in the hands of the sheriff a sufficient sum to pay Healy, after deducting the previously allowed claims'.
Such an averment is necessary in a proceeding by a creditor whose “claim is ordered to be paid by the court, after the county levy for the year has been imposed.” (Rev. Stat., chap. 26, art. 3, sec. 3; 18 B. Mon., 620.) But such an averment is not necessary in a proceeding by a creditor, whose claim is ordered to be paid at the time the county levy for the year is imposed. It is the duty of the court, annually, to impose a sufficient levy to pay all the existing liabilities of the county; (chap. 26, art. 2, sec. 2,) and of the clerk to deliver to the sheriff a list of the persons chargeable with the payment of the levy and of the debtors to the county, and also a list of the creditor’s of the county; and of the .sheriff immediately to proceed to collect the levy and the debts due to the county, and pay the same to the county creditors; (Id., sec. 5.) and “if the sheriff or collector of county levy shall fail to pay or satisfy the county creditors, whose names are furnished him by the clerk, the claims due them respectively on or before the first day of October in each year, if demanded of him, he and his sureties, their heirs., devisees and personal x-epresentatives, should be jointly and severally liable to such county creditor for his demand, with .ten per centum upon the amount due.” (Id. sec. 6.)
The notice avers that Healy’s claim was ordered to be paid .at the time that the levy was imposed. In our opinion, he was mot bound to aver that the sheriff had collected a sufficient sum to pay it and all other claims allowed at the same time. The imposition of the levy and the delivei’y of the lists to the sheriff, as required by the statute, rendei’ed him at least prima facie liable for the demands of the creditors, on the 1st of October. Whether or not he could, in any case, after demand properly made, escape liability, by showing that he had not been able., with due dilligence, to collect a sufficient sum to pay the creditors, need not now be decided.
2. It.is contended that there was no legal evidence that the .list of.the.eounty creditors was delivered to the sheriff by the *259 clerk of the county. The record of the court, containing the list, was read to the jury, and the clerk testified that he had delivered to the sheriff a copy of the list, containing the claim allowed to Healy. But it is contended that the clerk’s statement was incompetent evidence, as no effort had been made to produce the list delivered to the sheriff.
We are of a different opinion. The record, which was read to the jury, furnished the best evidence of the list. The statute does not require any entry of record concerning the delivery of the copy to the sheriff. The delivery cannot be proved except by oral testimony. The clerk’s statement was, therefore, competent evidence of the delivery. It must be presumed that he did his duty and furnished a true copy. If he did not, the sheriff can protect himself against injury by producing the copy furnished.
3. But the notice is defective in failing to aver that the clerk had delivered to the sheriff “a list'of the persons chargeable with the payment of the county levy, and the sum to be paid by each, and a list of the sums due and from whom due to the county.” The delivery of these lists was necessary in order to make the sheriff liable. The plaintiff must ayer and prove every fact necessary to show that the sheriff is liable. (18 B. Mon., 627; 3 Met., 347.)
4. There was evidence conducing to prove a demand by Healey upon one of the sureties, but no evidence of a demand upon the sheriff.
The proceeding by motion, for the debt and damages, being a statutory remedy, cannot be maintained unless the provisions authorizing it have been complied with. For this purpose a demand upon the sheriff is necessary.
It js suggested by counsel, that the sheriff has joined the Confederate army, andthatno demand can be made upon him. If so Healy can, no doubt, recover from his sureties the debt, without damages, in an ordinary action, if he can show that the sheriff collected or might, with due dilligence, have collected a sufficient sum to pay the county creditors.
The judgment is reversed, and cause remanded with directions to dismiss the motion without prejudice.