CASE 22—MOTION—FEB. 2.

# Johnson, &c. v. Bradley.

### APPEAL FROM ROWAN CIRCUIT COURT.

IN MOTIONS AGAINST SHERIFFS, ETC., FOR FAILING TO RETURN EXECUTIONS FOR THIRTY DAYS AFTER THE RETURN DAY THEREOF, the notice must contain all the requisites of a petition. (Terrill v. Cecil, 3 Met. 348.)

The plaintiff in the motion must aver and prove every fact necessary to show that the officer is liable. (18 B. Mon. 622; 4 Met. 259.)

The plaintiff must, with other necessary facts, aver that the failure to return fi. fa. was without reasonable excuse, for it is only when no such excuse exists that the officer and his sureties incur the liability imposed by the statute.

Because the notice was insufficient in this case the judgment of the court below is reversed.

JAMES E. CLARKE, . . . . . . . . . . . For Appellants,

CITED

1 Littell, 197, Fergus v. Ball.        3 Met. 347, Terrill v. Cecil.

E. C. PHISTER, ⎱
Z. T. YOUNG, .⎰ . . . . . . . . . . . For Appellee,

CITED

Civil Code, sec. 481.        3 Met. 4.
7 Bush, 476, Young, McDowell & Co. v. Bennett.
6 Bush, 328.        1 Sess. Acts 1869, p. 175.
14 B. Mon. 137, Wickliffe v. Carroll.
18 B. Mon. 223.        1 Duvall, 93.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

Section 5, article 17, chapter 38 of the General Statutes provides that "any sheriff or other like officer in whose hands an execution is placed to do execution thereof who fails to return the same to the office whence it issued for thirty days after the return day of the same, without reasonable excuse for

such failure, shall, with his sureties or the personal represen-
tatives or heirs or devisees of either, be liable, jointly or sever-
ally, to the plaintiff in such execution for the amount thereof,
and thirty per cent damages thereon and costs of recovering."

In proceedings under this section it is only necessary to
establish the fact that an execution issued and was placed in
the hands of a sheriff or other like officer for collection, and
that he failed to return it to the office whence it issued for
thirty days after the return day thereof, and he and his sureties
are liable for thirty per centum on the amount of the execu-
tion, unless they can show reasonable excuse for such failure,
although the defendant in the execution was wholly insolvent;
and unless they can show that the defendant was insolvent and
had no property in the county out of which any part of the
execution could have been made, they will be liable for the
whole amount due on the execution.    (Sec. 7, art. 17, chap. 38,
General Statutes.)

These provisions of the statute must therefore be regarded
as highly penal, and one who seeks to avail himself of them
should clearly manifest his right, and nothing will be presumed
in his favor.

It is a well-settled rule that the notice of a motion like that
provided for in the statute under consideration must contain
all the requisites of a petition (Terrill v. Cecil, 3 Met. 348),
and that the plaintiff must aver and prove every fact necessary
to show that the officer is liable.    (18 B. Mon. 622; 4 Met.
259.)   This rule has been adhered to in cases where the pro-
visions of the statute were not in any sense penal, and, a for-
tiori, should be adhered to in a case like this.    Tested by the
rule thus laid down, the notice in this case was fatally defec-
tive.    It does not contain a direct statement of the name of
the court from which the alleged execution issued, or that it
was placed in the officer's hands while in full force, nor give
its date or the return day, or the date when the officer re-

ceived it, or that he failed to return it within thirty days after the return day, nor is there a statement that his failure to return it was without reasonable excuse.

The material part of the notice reads as follows: "Z. R. Johnson and Z. P. Johnson,—You are hereby notified that I will, on the first day of the July term of the Rowan Quarterly Court, move said court for a judgment against you both for $64.91, and interest thereon from November 24, 1873, until paid, and thirty per cent damages on the aforesaid amount *for the failure* of Z. R. Johnson, who is a constable of Rowan County, to return an execution which issued on a replevin bond *on file in the office* of said court in my favor against H. B. Calvert, J. W. Brain, and Hiram Padgett, and placed in the hands of Z. R. Johnson as constable as aforesaid, to do execution thereof, said execution being for the aforesaid amount—to wit, $64.91, and interest from 24th of November, 1873, until paid."

This motion is prosecuted against Z. R. Johnson, as constable, and Z. P. Johnson, his surety, on his constable's bond. . . . I shall, as before stated, ask a judgment for $64.91, and interest on the same from November 24, 1873, until paid, and thirty per cent damages *for Z. R. Johnson's failure* to return the execution to the office whence it issued for more than thirty days after the return day of said execution.

It may be inferred from the statement that the bond was on file in his office; that the execution referred to issued from the office of the judge of the Rowan Quarterly Court; but such inference is not necessarily true. It may also be inferred from the statement that the execution was placed in the constable's hands to do execution thereof; that it was directed to an officer of Rowan County, and that he received it while in full force; but this inference is not a necessary one. The notice should have stated to what county the execution was directed and the return day thereof and the date at which the officer received

it, or, instead of the latter date, that he received it before the return day.

The statement that judgment would be asked *"for the failure to return the execution"* does not amount to a statement that the officer *did* fail to return it, but, on the contrary, is but the recital of a fact merely assumed to exist. Although such a statement would be negative in its character, the notice should have stated that the failure to return the *fi. fa.* was without reasonable excuse, for it is only when no such excuse exists that the officer and his sureties incur the liability imposed by the statute. But if the statement had been made, it would not have devolved on the plaintiff to prove that no excuse existed; but under the rule that evidence peculiarly within the knowledge of one party must be produced by him, proof of a reasonable excuse should come from the defendants.

We are therefore of the opinion that the court erred in rendering judgment for the appellee, and that judgment is reversed and the cause is remanded with directions to dismiss the proceeding.