JUDGE LINDSAY
delivered the opinion oe the court.
By section 9, article 12, chapter 38 of the General Statutes it is provided that “ the purchaser of lands sold under execution, and not redeemed as provided for in this chapter, shall have the right, after obtaining a conveyance therefor, upon ten days’ notice in writing to the defendant in the execution whose lands have been so sold, to enter a motion on the docket in the circuit court of the county where the lands are situated for a judgment for the possession of such lands; and if, upon the hearing of such motion, the court shall be of opinion that the plaintiff in the motion is entitled to the possession, it shall render judgment accordingly and award the writ of possession with costs. The proceedings on'said motion shall be the same as under chapter 6, title 10, of the Civil Code of Practice.”
The novel proceeding thus provided for being summary in its nature, and no written pleadings being required, the notice takes the place of the petition; and to be sufficient it must set out a state of facts entitling the plaintiff to the relief demanded.
The notice in this case shows that the appellee Thompson was the purchaser at several execution sales; that J. H. Bunnell was a defendant in each and all of said executions; and that Samuel Bunnell was a defendant in one or more, but not in all of them. It does not state whether the land in contest was levied on as the property of J. H. or Samuel Bunnell; but as the latter was not a party to some of the executions, it may fairly be presumed that it was seized and sold as the property of James H. Bunnell. This presumption is greatly strengthened by the recital in the notice that it is the land “which you the said Samuel Bunnell conveyed to you the said James H. Bunnell by deed recorded,” etc.
James H. and Samuel Bunnell were both made parties to the motion. Pending the hearing Nancy A. Bunnell upon her own motion was also made a party to the proceeding.
*118 The proof showed that she and her husband, the said Samuel Bunnell, were in possession of the land, and that she claimed to own it under a conveyance from James H. Bunnell made and recorded anterior to the execution sales.
As the summary remedy provided by the statute quoted applies only “ to the defendant in the execution whose lands have been sold,” it was manifest error in this proceeding to award the writ of' possession as against Nancy A. Bunnell. Yet this i» the legal effect of the judgment rendered, although she is not named in it. The writ is directed to issue against James H. and Samuel Bunnell, or any other party that may be in possession.
Samuel Bunnell does not claim the land, but he is in possession holding under his wife’s title, and the execution purchaser can not dispossess him, and through him his wife, by a judgment rendered in a proceeding of this kind.
But the notice is not sufficient to authorize a judgment against the defendants in the executions.' It does not state that the lands of Samuel Bunnell have been sold. Therefore the motion will not lie against him, unless it is made to appear that he is in possession as the tenant of James H. Bunnell, “the defendant in the execution whose lands have been sold,” and that his rights were subordinate to the' liens of the execution creditors.
The notice does not show that the lands have not been redeemed, nor that they were not subject to redemption, nor that Thompson, the purchaser, has obtained a conveyance from the sheriff The obtaining of a conveyance is an essential prerequisite to his right of recovery. These defects in the notice were not and could not be cured by the proof. In a summary proceeding of this character the plaintiff must both aver and prove every fact necessary to establish his right to recover. (Thompson v. Healy, 4 Metcalfe, 259; 3 Met. 347; 18 B. Mon. 627; Johnson, &c. v. Bradley, 11 Bush, 666.)
*119 The notice in this case is clearly insufficient to support the judgment of the circuit court. It is therefore reversed, and the cause remanded, with instructions to quash said notice and to dismiss the motion.