JUDGE COFER
delivered the opinion of the court.
This was a proceeding under section 9, article 12, chapter ■ 38 of tbe General Statutes, to recover possession of two tracts of land claimed by the appellees under sheriffs’ deeds. Bunnell v. Thompson (12 Bush, 116) arose under the same statute, and the court there said that in summary proceedings of this character the plaintiff must both aver arid prove every fact necessary to establish his right to recover, and several cases were cited in support of that conclusion.'
The notice in that ease urns held insufficient, because it did not show that the land had not been redeemed, nor that it was not subject to redemption, nor that the purchaser had obtained a deed from the sheriff.
*462 In the notice in this case it does appear that the plaintiffs had obtained a sheriff’s deed to the land, but it does not appear that it was not subject to redemption, nor that it had not been redeemed.
It is true that the sheriff had no right to convey, unless the property sold for more than two thirds of its appraised value, or the time for redemption had expired, and it may be inferred from the fact that he made a deed, as appears from the notice, within less than two months after the sale, that the land was not subject to redemption. But as that was a fact necessary to entitle the plaintiffs to recover, it should, according to the decision in Bunnell v. Thompson, to which we still adhere, have been stated in the notice.
The notice states that the land was sold under writs of venditioni exponas, but it does not state that judgments had been rendered, or that fi. fas. had been either issued or levied on the land.
It is always necessary, in making out title to land under an execution sale, to exhibit the judgment, execution, and levy, as well as to show a sale; and the notice was defective in not showing that there had been judgments, executions, and levies, as well as sales, for without them, and each of them, the sales were void. The court therefore erred in not dismissing the motion for defects in the notice.
Judgment reversed, and cause remanded with directions to dismiss the motion. '