## H. H. MAY v. THE STATE.

UNLAWFUL MARRIAGE. — See indictment held sufficient, under the Code of this state, to charge bigamy.

APPEAL from the District Court of Clay. Tried below before the Hon. J. A. CARROLL.

The indictment charged that the appellant, "in the county of Clay and state of Texas, on the 21st of October, 1877, with force and arms, did unlawfully marry and take to wife one M. J. Morris, a female of the age of sixteen years, the said H. H. May being then and there an adult male person, the said H. H. May having then and there a former living, lawful wife, to whom he had been previously lawfully married, to-wit, one Adaline May, formerly Adaline Gary — the said H. H. May well knowing that his said former wife was living still, and that said former wife had not been then and there remaining continually out of the state of Texas, nor had said former wife voluntarily withdrawn from the said H. H. May and remained absent, for five years; and the said H. H. May not having then and there been lawfully divorced from his said former wife," etc.

The jury allotted the appellant three years' service in the penitentiary.

No brief for the appellant.

*W. B. Dunham*, for the State.

WHITE, J. Our statute with regard to unlawful marriage reads: "If any person who has a former husband or wife living shall marry another in this state, such person shall be punished by imprisonment in the penitentiary for a term not exceeding three years." Pasc. Dig., art. 2014.

"Art. 2015. The provisions of the preceding article

shall not extend to any person whose husband or wife shall have been continually remaining out of the state, or shall have voluntarily withdrawn from the other and remained absent for five years, the person marrying again not knowing the other to be living within that time. Nor shall the provisions of said article extend to any person who has been legally divorced from the bonds of matrimony."

Mr. Greenleaf lays down the rules with regard to the sufficiency of, and proof necessary to sustain, an indictment for bigamy. He says : " The indictment states the first and second marriages, and alleges that at the time of the second marriage the former husband or wife was alive. The proof of these three facts will, therefore, make out the case on the part of the prosecution." 3 Greenl. on Ev., sec. 204.

" The defense may be made by disproving either of the points above stated.    *    *    *    The defense may be made by showing that the prisoner's case comes within any of the *exceptions* found in the statutes, such as absence of the former partner for seven [five] years, unheard of; previous divorce *a vinculo matrimonii*, or the like." *Ibid.* 208.

In this case the defendant introduced no evidence. In behalf of the State, we find that the indictment was sufficient, that the proof was sufficient, and that the charge of the court presented the law of the case. There being no error, the judgment is affirmed.

*Affirmed.*