## JOE HULL v. THE STATE.

<div style="float:right">7  593<br>38  126</div>

1. UNLAWFUL MARRIAGE. — To sustain a prosecution for unlawful marriage, the indictment must allege and the proof show a valid marriage of the defendant, and his or her subsequent marriage during the life of the lawful spouse. Divorce, or five years' absence of the spouse without knowledge by the defendant of his or her continued existence, would seem to be matter of defence.

2. SAME — EVIDENCE. — The survival of the lawful spouse at the date of the subsequent marriage is a question of fact for the jury, and may be established by proof of circumstances reasonably inductive of that conclusion; but no legal presumption can be invoked in lieu of proof. The presumption of innocence at least counterbalances any presumption of the prolongation of life.

3. SAME — CHARGE OF THE COURT. — In effect the court below instructed the jury that when a person was shown to have been living at a certain time, his continued existence for seven years thereafter is to be presumed; and

that the party who asserts his death within that period has the burden of proving that fact. *Held*, that the instruction was erroneous because it invaded the province of the jury, and exonerated the prosecution from proof of a material constituent of the offence.

APPEAL from the District Court of Shackelford. Tried below before the Hon. J. R. FLEMING.

The case is indicated in the opinion.

*Kent & Wray*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.   A prosecution for unlawful marriage can be sustained only by allegation and proof of a prior valid marriage and a subsequent marriage, the legal husband or wife being still alive. Divorce, or absence for five years, the party marrying not knowing that the other was alive, would seem to be matters of defence. *May* ·v. *The State*, 4 Texas Ct. App. 424; *Gorman* v. *The State*, 23 Texas, 646.

The continued existence of the lawful spouse need not be established by positive testimony, but only by such patent facts and circumstances as many enable the jury to reasonably infer such existence. No artificial rule as to presumption is allowed to obtain in such cases, and the jury must draw their own inferences from the facts, without any anticipation by the law. After much controversy in the earlier cases as to whether the presumption of innocence should outweigh the presumption of a continuance of human life for the period of seven years, it seems now to be generally conceded that, on principle, the one should be considered as neutralizing the other, though in a general way the law prefers the presumption of innocence. 1 Bishop's Mar. & Div., sect. 453; Bishop's Stat. Cr., sect. 611; 1 Greenl. on Ev., sect. 41; *Rex* v. *Harborne*, 2 Ad. & E. 540; *Coper* v. *Thurmond*, 1 Kelly, 538; *Newman* v. *Jen-*

*kins*, 10 Pick. 515 ; *The State* v. *Moore*, 11 Ired. 160.   And such seems to be the tendency of former decisions in our own State.    *Yates* v. *Houston*, 3 Texas, 433 ; *Lockhart* v. *White*, 18 Texas, 110.

This question was presented in a recent prosecution for bigamy in England, and the court expounded the rule of law as above indicated, in perspicuous language as follows : " In an indictment for bigamy, it is incumbent on the prosecution to prove to the satisfaction of the jury that the husband or wife, as the case may be, was alive at the date of the second marriage.   That is purely a question of fact. The existence of the party at an antecedent period may or may not afford a reasonable inference that he (or she) was living at the subsequent date.   If, for example, it were proved that he was in good health on the day preceding the second marriage, the inference would be strong, almost irresistible, that he was living on the latter day, and the jury would in all probability find that he was so.   If, on the other hand, it were proved that he was then in a dying condition, and nothing further was proved, they would probably decline to draw that inference.   Thus the question is entirely for the jury.   The law makes no presumption either way."   *Regina* v. *Lumley*, L. R. 1 C. C. 196 (decided in 1869).

The court instructed the jury that the State must prove the existence of the lawful wife at the date of the second marriage, but that, when the issue is upon the life or death of a person, as in ·the case at bar, if such person is once shown to be living, the presumption of life will continue for a period of seven years, and the burden of proof will lie on the party who asserts the death of such person.   It is at least a question if our statute does not alter the old rule of the common law, and reduce the presumption as to continued life from seven to five years.   Code Cr. Proc., art. 325.   Be that as it may, this charge is erroneous in that it invaded the province of the jury and supplied them with

an artificial rule to aid their determination, which rule was not applicable; and because the burden of proof does not shift in such cases, but remains on the State throughout to establish, beyond a reasonable doubt, the allegation in the indictment that the 'awful wife was in fact alive at the date of the second marriage.

The certificate of the county clerk of Dallas County was inadmissible under any rule of law with which we are familiar. Proof of the non-issuance of the license, or the non-existence of its record, should be made to appear in some one of the modes authorized by law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*