CASE 28—MOTION—JUNE 15.

# McGhee v. Sutherland.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. EXECUTION SALES—MOTION FOR POSSESSION.—In a proceeding by notice under section 9, article 12, chapter 38, of the General Statutes, by the purchaser to recover the possession of land sold under execution, it is not necessary that the notice should refer to the judgment, or state that the land has not been redeemed or is not subject to redemption, or that the purchaser has obtained a conveyance from the sheriff. The act of March 23, 1882, amendatory of the statute provides in express words the form of the notice to be given in such a case; and as the notice in this case followed that amendment, it was sufficient.

2. PLEADING—EXHIBITS.—Although a writing upon which an action is founded be not filed, yet if the adverse party be duly summoned and fail to raise any question as to it, he can not complain of the omission after judgment.

H. M. HASKINS, JAMES STUART AND MARTIN YEWELL FOR APPELLANT.

1. The notice upon which this proceeding is based is not sufficient. (Bunnell v. Thompson, 12 Bush, 116; Sharpe v. Roe, &c., 13 Bush, 461.)

2. Even if the notice is to be tested by the form prescribed in the amendment of March 23, 1882, to section 9, of article 12, chapter 38, of the General Statutes, it is not good for the reason that it refers to the *venditioni* instead of to the execution as required. (Acts 1881, volume 1, page 49.)

3. In making out title to land under execution sale it is always necessary to exhibit the judgment, execution, levy, sale and deed. (Bunnell v. Thompson, 12 Bush, 116; Sharpe v. Roe, &c., 13 Bush, 461; Civil Code, section 120.)

McGhee v. Sutherland.

4. The motion should have been entered on the motion docket. (Civil Code, sections 347, 352, 355, 356 and 362; General Statutes, chapter 38, article 12, section 9.)

W. N. AND J. J. SWEENEY FOR APPELLEE.

1. The notice in this case is an exact copy of the form prescribed by the statute, and is, therefore, sufficient. (Acts 1881, volume 1, page 49.)
2. The description in the sheriff's return of the land levied on and sold was sufficient. (Reid v. Heasley, 9 Dana, 324; Herman on Executions, section 294; Lisa v. Lindell, 27 Mo., 127.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This is a proceeding by notice under section 9, article 12, chapter 3⁷, of the General Statutes, by the purchaser, to recover the possession of land sold under execution.

It provides that he may, after obtaining a conveyance and upon ten days' notice to the execution defendant, enter a motion upon the docket of the circuit court for the county in which the land lies, for a judgment for the possession; and that the court shall award it if, upon the hearing, it appears that he is entitled to it, the proceedings to be the same as provided in chapter 6, title 10, of the Civil Code, relating to summary proceedings.

The judgment in this case was rendered by default, and the sufficiency of the notice is now in question.

It fails to refer to any judgment, nor does it state that the land had not been redeemed or was not subject to redemption, or that the purchaser had obtained a conveyance from the sheriff.

It was held in the cases of Bunnell, &c., v. Thompson, 12 Bush, 116, and Sharpe v. Roe, &c., 13 Bush,

461, that a judgment, based upon a notice which did not contain these averments, could not be sustained.

The chapter *supra* of the Code provided, however, that the notice should state the nature and grounds of the motion; and the decisions above cited were rendered prior to the act of March 23, 1882, amendatory of the statute upon which this proceeding is based, and which provides, in express words, the form of the notice to be given in such a case. (Volume 1, page 49, Acts 1881.)

It requires that the notice shall simply state that on a certain day the purchaser will enter a motion on the docket of the circuit court for a judgment for the possession of the lands (describing them) purchased by him under execution (giving the name of the plaintiff and defendant in it, with a reference to the execution book, and the number of the execution).

The Legislature had the right to, and have by this amendment prescribed the mode of practice in such a case. It was intended to provide a plain and speedy remedy. The defendant has no ground of complaint, because he is not only informed by the notice that the purchaser will at a certain time ask the court to award him the possession by reason of his purchase, but it, in substance, says to him, if you are not satisfied, then, in order that you may be, you are referred to the execution through which the right is claimed.

It is manifest that the Legislature did not intend that the purchaser, if he chose to adopt this mode of proceeding, should be held to greater particular-

McGhee v. Sutherland.

ity than would be required of him in an action of ejectment. In the latter case he would not be required to refer in his petition to the judgment, execution and sheriff's deed through which he derives his right, but, upon issue formed, could exhibit them upon the trial.

It is true that section 120 of the Civil Code provides, that if an action be founded upon a writing, it must be filed as a part of the pleading or its absence explained; but if this be not done, and the adverse party be duly summoned and fail to raise any question as to it, he can not complain of it after judgment.

The notice in this case appears to have conformed to the statute as amended; the motion was entered upon the motion docket before the judgment was rendered, and it is affirmed.