## FLETCHER *v.* THE STATE.

[No. 20,985. Filed October 10, 1907.]

1. MARRIAGE.—*Validity.—Presumptions.*—In civil cases there is a presumption that a marriage which is consummated is legal, and that a prior marriage has been legally dissolved. p. 78.
2. TRIAL. — *Instructions.—Bigamy.—Prior Marriage.—Divorce. — Presumptions.*—An instruction, in a prosecution for bigamy, that if all other facts constituting such crime had been proved beyond a reasonable doubt, and nothing had been proved showing a dissolution of defendant's prior marriage to a woman still living the State was not required to introduce any further evidence to make a *prima facie* case, is correct. p. 78.
3. SAME.—*Assumption of Facts.*—An instruction that the jury had a right to consider the facts, "if such be the facts," that in making his application for license to marry the present wife defendant misstated his name and residence and falsely concealed the fact of his former marriage, does not assume such facts. p. 79.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Prosecution by the State of Indiana, against Rufus A. Fletcher. From a judgment of conviction, defendant appeals. *Affirmed.*

*James W. Fortune* and *Frank M. Mayfield,* for appellant.

*James Bingham,* Attorney-General, *Edward M. White, Henry M. Dowling* and *Alexander G. Cavins,* for the State.

MONTGOMERY, J.— Appellant was convicted of the crime of bigamy, and seeks a reversal of the judgment for an alleged error in overruling his motion for a new trial. The grounds of error relied upon are the giving of instructions two and four, at the request of the prosecuting attorney, and the refusal to give instructions eleven, twelve, thirteen and fourteen, as tendered by appellant. The court charged the jury in instruction two, that if all other allegations of the indictment had been established beyond a reasonable doubt, and nothing had been proved indicating that appellant's first marriage had been dissolved at the time his second marriage was entered into, the State was not required to introduce any evidence to show that the first marriage was undissolved in order to make out a *prima facie* case. Appellant's counsel, in criticising this instruction, insist that, when a marriage has been consummated in accordance with the forms of law, it must be presumed that a former marriage has been legally dissolved, and the burden of showing that such marriage has not been dissolved rests upon the party seeking to impeach the last marriage. Public policy, social convenience and safety often justify a resort to certain presumptions, and for such rea-

1. sons a presumption of the validity of a marriage duly solemnized has been indulged in collateral proceedings of a civil nature involving private rights. *Teter* v. *Teter* (1885), 101 Ind. 129, 51 Am. Rep. 742; *Boulden* v. *McIntire* (1889), 119 Ind. 574, 12 Am. St. 453; *Wenning* v. *Teeple* (1896), 144 Ind. 189, 193.

In a criminal charge of bigamy, brought by the State against a party to the marriage assailed, there is no occasion for resorting to presumptions, and we find no

2. authority to sustain the doctrine for which appellant contends. In such case the accused has opportunities, above all others, of knowing whether a divorce has

been granted, and if so, where proof of the fact may be obtained. Public policy and convenience do not require the State, in this class of cases, to search all records extant for proof of a negative fact peculiarly within the knowledge of the defendant; but, when the State shows that the accused has been married to a woman who was still living at the time of his second marriage to another, it is incumbent upon him to show a divorce from such former wife. *State* v. *Barrow* (1879), 31 La. Ann. 691; *Commonwealth* v. *Boyer* (1863), 7 Allen 306; 4 Elliott, Evidence, §2873; 3 Greenleaf, Evidence (16th ed.), §208; *Fleming* v. *People* (1863), 27 N. Y. 329; *Hull* v. *State* (1880), 7 Tex. Ct. App. 593; *May* v. *State* (1878), 4 Tex. Ct. App. 424.

The substance of instructions eleven, twelve, thirteen and fourteen, tendered by appellant and refused by the court, was that if it was shown that appellant and Katie K. Kirk had been formally married, the presumption of law was against the illegality of such marriage, and unless it had been proved that appellant was not divorced from his former wife at the time of such marriage, a divorce would be presumed. This presumption in favor of one upon trial for bigamy was unwarranted. The court correctly charged the jury upon this point, and did not err in rejecting the instructions tendered by appellant.

The court advised the jury in instruction four, that, in determining the criminal intent charged, they had a right to consider the facts, "if such be the facts," that in

3. making application for license to marry Katie K. Kirk appellant misstated his name and residence, and falsely concealed the fact of his former marriage. Counsel attack this instruction with the declaration that it is reversible error to instruct the jury that the appellant falsely concealed the fact of his former marriage. The proposition that the court must not assume the truth of a controverted fact in charging the jury is well settled, but that rule was manifestly not violated in this instance. The

statement was made conditionally, and the court correctly advised the jury that if, in point of fact, the accused had falsely concealed his former marriage, that circumstance was proper matter for their consideration upon the question of criminal intent.

We find no reversible error, and the judgment is affirmed.