### J. D. OXFORD V. THE STATE.

No. 10796.   Delivered May 25, 1927.

**Bigamy—Former Marriage—Must Be Legal to Constitute Offense.**

Where, on a trial for bigamy, the former marriage of appellant upon which his present marriage was predicated as bigamous, must be shown to be a legal marriage. The evidence clearly disclosing that the former marriage was not a legal marriage, the conviction cannot stand. Following May v. State, 4 Tex. Crim. App. 424, and other cases cited.

Appeal from the District Court of Palo Pinto County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for bigamy, penalty two years in the penitentiary.

The opinion states the case.

*W. J. Oxford* and *J. A. Johnson* of Stephenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE. — The appellant was convicted for the offense of bigamy and given two years in the penitentiary.

The uncontroverted evidence was that appellant was married to Ovie Proctor on January 7, 1914.   He lived with her but two months, when she abandoned him.   He has never heard of her since that time, and, at the time of the trial, knew nothing about her whereabouts.   Appellant thereafter married Myrtle Drake at Throckmorton, Texas, on July 9, 1919, but only lived with her something like two weeks, when she abandoned him and left for Joplin, Missouri.   Appellant has never obtained a divorce from Myrtle Drake.   On December 30, 1920, appellant married Grace Mahan and lived with her about four years, but

on February 24, 1925, he married Emily Miller, without having secured a divorce from Grace Mahan.

The indictment upon which appellant was tried contained three counts. The first charged him with bigamy for having unlawfully married Emily Miller when, at the time of said marriage, he had a former wife then living known as Ovie Proctor. The second count charged that appellant unlawfully married Emily Miller on or about the 24th day of February, 1925, having at that time a lawful living wife known as Myrtle Drake. The third count charged that he unlawfully married Emily Miller, having a former wife then living who was known as Grace Mahan. After the evidence was concluded, the state elected to proceed against appellant on the charge contained in the third count, and the case was submitted on the third count only.

Appellant's defense was that he violated no law in marrying Emily Miller; that his marriage to her was a legal marriage; that his marriage to Grace Mahan was not a legal marriage and, for this reason, he could not be convicted under the law upon the charge contained in the third count in the indictment. Appellant's defense was predicated on Art. 491, Penal Code, which reads as follows:

"The preceding article does not apply to one whose husband or wife shall have been continually remaining out of the state or shall have voluntarily withdrawn from the other and remained absent for five years, the one marrying again not knowing the other to be living within that time, nor to anyone who has been legally divorced."

The uncontroverted proof shows that more than five years had elapsed between the date Ovie Proctor abandoned appellant and the 9th of July, 1919, the date he married Myrtle Drake. Myrtle Drake left him and went to Missouri within two weeks after their said marriage. Her leaving was voluntary, and appellant has never heard anything more of her.

Appellant's marriage to Grace Mahan was illegal because it took place on the 30th of December, 1920, within seventeen months after his marriage with Myrtle Drake, who was at that time his legal living wife. It might be well to say just here that at the time the indictment was returned, on the 13th of April, 1926, the bigamous marriage to Grace Mahan was barred by the statute of limitation.

Appellant preserved timely and appropriate bills of exception to the introduction of all the evidence pertaining to the various marriages, which bills are brought forward in the record for our review.

We think the position assumed by the appellant in his bills of exception is well taken.    Under the evidence before us, the marriage to Myrtle Drake on the 9th of July, 1919, was not a bigamous marriage, inasmuch as it took place more than five years after the voluntary abandonment of the appellant by the first wife, Ovie Proctor, the uncontroverted evidence being that the Proctor woman left appellant within two months after their marriage and that she never lived with him afterward, and that her whereabouts since that time have been unknown to the appellant.

Under the facts, as we understand them, the marriage of appellant to Grace Mahan was an illegal and bigamous marriage. The third count, the one under which appellant was convicted, alleges that appellant

"Did then and there unlawfully marry Emily Miller and at the time of said marriage the said J. D. Oxford had a former wife then living who was known as Grace Mahan, to whom he had theretofore been and was then and there legally married."

We therefore hold that appellant's subsequent marriage to Emily Miller on the 24th of February, 1925, was not a bigamous marriage, since the marriage to Grace Mahan was a bigamous marriage, and the uncontroverted evide :ce shows that Myrtle Drake left the appellant and went to the State of Missouri within two months after appellant's marriage to her, and has never returned to this state, and appellant has never heard of her since she left, and she has lived separate and apart from appellant for more than five years.    May v. State, 4 Tex. Ct. App. 424; Hull v. State, 7 Tex. Ct. App. 593; McCombs v. State, 99 S. W. 1017; Johnson v. State, 150 S. W. 936; Coy v. State, 171 S. W. 221.

For the reasons stated above the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.