## Carroll v. Commonwealth.

May 16, 1947.

Chester D. Adams, Judge.

742

Harry B. Miller for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

The appellant, Mallie Burton Carroll, was convicted of the crime of bigamy and sentenced to three years in the penitentiary. He appeals on the ground that the Commonwealth failed to sustain the burden of proving (1) a valid first marriage, and (2) a bigamous second marriage.

The case for the Commonwealth was as follows: The Deputy Clerk of the Fayette County Court proved the issuance of a Marriage License to appellant and Margaret Fuhrman on July 1, 1946, and the official record of a Marriage Certificate executed that same date by the duly authorized and officiating minister. The officiating minister testified that he had joined appellant and said Margaret Fuhrman in marriage on that date.

Concerning the second marriage, the Commonwealth proved the records of the County Clerk of Scott County which showed the issuance of a Marriage License to

appellant and Katie Spotswood on July 24, 1946, and a Marriage Certificate executed the same date by the duly authorized and officiating minister. The minister who performed this ceremony testified that he had joined defendant and Katie Spotswood in marriage on July 24, 1946.

The Commonwealth also introduced as a witness the nephew of Margaret Fuhrman who testified that Mrs. Fuhrman and the defendant held themselves out as married subsequent to July 1, 1946; that she was living on July 24, 1946, the date of the second marriage; that while she had been married before, her husband had died in 1941; and that he knew of no subsequent marriage of Mrs. Fuhrman between 1941 and July 1, 1946.

The above was substantially all of the proof for the Commonwealth. Appellant himself did not testify nor did he introduce any evidence. He moved for a directed verdict of acquittal at the close of the Commonwealth's case, which was overruled and appellant found guilty.

Appellant makes two contentions on this appeal to the effect that the Commonwealth failed to prove: (1) That Mrs. Fuhrman, with whom appellant first went through a ceremony of marriage on July 1, 1946, was not on that date legally married to some other person; and (2) that between July 1, 1946, and July 24, 1946, the date of the second marriage, the first marriage had not been annulled or a divorce obtained between the parties thereto. The suggestion is that if Mrs. Fuhrman had been married to somebody else, then living, when she participated in the ceremony with appellant, the first marriage to him would not have been valid; or if this first marriage had been dissolved by annulment or divorce prior to the second marriage, the latter would not have been bigamous.

The contentions of appellant cannot be sustained. With respect to the first point, the Commonwealth amply proved by official records and competent testimony that appellant and Mrs. Fuhrman had done all things necessary to establish a legally recognizable marriage under the laws of this State. This is sufficient. Apkins v. Commonwealth, 148 Ky. 662, 664, 147 S. W. 376. In view of such proof, at least a presumption of validity

must attach to the relationship. 7 Am. Jur., "Bigamy," Section 37, p. 769.

If appellant's position was sustained, instead of presuming the ceremonial marriage valid, we would be required to presume that Mrs. Fuhrman was herself guilty of the crime of bigamy when she ostensibly married appellant. While it is true that she had been married prior to July 1, 1946, it was proven by her nephew that her former husband had died in 1941. Obviously it would impose on the Commonwealth an impossible burden if it was required to produce proof, not only from records of this State, but records from elsewhere, that Mrs. Fuhrman had *not* married somebody else between 1941 and July 1, 1946.

If appellant wished to rely on the fact that he undertook to marry someone who was at that time married to another then living, this was clearly a matter of defense and the burden devolved on him to prove it. 10 C. J. S., "Bigamy," sec. 16 b (2), p. 374. The Commonwealth was not required to disprove such a speculative situation in the absence of any evidence introduced by appellant.

The second point raised by appellant has even less merit. If the marriage with Mrs. Fuhrman had been annulled, or if either party to such marriage had obtained a divorce prior to the second marriage, such fact was peculiarly within the knowledge of appellant as he would necessarily be a party to either annulment or divorce proceedings. As a general rule, the party with special knowledge has the burden of proving the fact. McArthur v. Payne, 201 Ky. 793, 797, 258 S. W. 684. The applicable principle was well stated by the Supreme Court of Indiana in Fletcher v. State, 169 Ind. 77, 81 N. E. 1083, 1084, 124 Am. St. Ry. 219, as follows:

"In such case the accused has opportunities, above all others, of knowing whether a divorce has been granted, and, if so, where proof of the fact may be obtained. Public policy and convenience do not require the state, in this class of cases, to search all records extant for proof of a negative fact peculiarly within the knowledge of the defendant; but, when the state shows that the accused has been married to a woman who was still living at the time of his second marriage to another, it is

incumbent upon him to show a divorce from such former wife."

In our opinion the Commonwealth did not have the burden of negativing the speculative facts suggested by appellant, and the Commonwealth's evidence was amply sufficient to go to the jury.

The judgment is affirmed.