## Carroll v. Sullivan et al.

May 13, 1949.

J. A. Edge for appellant.

Joseph J. Bradley and I. J. Miller for appellee.

Opinion of the Court by Judge Thomas—Affirming.

On October 15, 1947, the appellant served notice on Riggs Sullivan and Leslie B. Finlay, constables in Fayette County, and their sureties, and on Harry B. Miller, an attorney at Lexington, Kentucky, that he would on October 25 following, enter a motion before the judge of the Fayette circuit court for judgment against Sullivan for $1,000 and for judgment against Finlay for $500, and one against Miller for $8,547.10. The amount claimed against Miller, according to the notice and motion of appellant was money he had on his person when arrested by some Federal officers who delivered him to the two constables along with the cash that had been taken from him at the time of arrest. It was also alleged that Sullivan delivered the money alleged to have been taken from appellant to appellee, Miller, who was appellant's counsel for the sole purpose to defend him at the trial of an indictment in the Fayette circuit court charging him with bigamy. Appellant was convicted of that charge and appealed to this court. We affirmed the conviction on May 16, 1947, in the case of Carroll v. Com., 304 Ky. 741, 202 S. W. 2d 404.

Appellees at the hearing of this proceeding filed this motion: "Comes Riggs Sullivan, L. D. Finlay, the Fidelity and Casualty Company of New York, and Harry B. Miller and asks the court to overrule and dismiss the within motion of the movant, M. B. Carroll and to deny him any judgment herein." That motion was later sustained and appellant's motion was dismissed, to reverse which he prosecutes this appeal.

The proceeding is admittedly the summary one created by Chapter 5, section 444 of our Civil Code of Practice, which so far as public officers and attorneys are respondents is: "A judgment may be obtained, on motion * * * by a client against his attorney for money collected or property received * * * and by a party against an officer for money collected or property received * * *".

The text in 60 C. J. 1015, section 6, says: "Summary proceedings being in derogation of common law must conform closely to the statutes authorizing them, which are to be strictly construed, so as to apply only in the

particular cases or situations specified in the statutes, and are not to be extended by implication or intendment.''

Many cases are cited in notes 16, 17, and 18 sustaining that text and the rule is not controverted but admitted to be correct by counsel for both sides. To the same effect is the text in 37 Cyc. 528, 529. It is also practically conceded by appellant's counsel that the summary remedy provided by section 444 et seq. as applied to public officials and attorneys, is only available when an attorney, or an officer in the prosecution of his official duties as such, rightfully comes into possession of money or property of movant who may obtain relief by strictly pursuing the requirements of the provided summary remedy. There is no showing in this case by pleading, affidavit or otherwise that the amounts sought to be recovered from the respective respondents were received by them in the scope of their official duties, or that respondent Miller was ever employed by appellant to collect or take possession of any part of the fund sought to be recovered from him.

The text in 7 C. J. S., Attorney and Client, sec. 79 page 897 states the rule to be that ''an employment or retainer for one purpose gives the attorney no authority with respect to wholly independent and collateral matters having no relation to the employment or the accomplishment of its objective.'' Following the principles of the law above stated the court in his opinion, filed as a part of the record, says: ''The court is of the opinion that this case turns upon the question of what is meant by money collected or property received, and is further of the opinion that [Civil] Code [of Practice, sec.] 444 only applies where money has been collected by the attorney or property received by him from a third party, which money or property he has collected or received in the course of his employment as attorney, and that it only applies to money or property received by officers under or by virtue of proper process of some court. Courts cannot in a summary proceeding take cognizance of acts of officers which are in no way connected with the process of the court, nor of dealings of attorneys and clients in regard to purely personal matters. The movant's remedy, if any he has, is by

action at law for money had and received in which action a jury can pass upon all disputed facts.''

The same rule applies defensively as to the two constables as civil officers, since it does not appear in any manner that they obtained the money sought to be recovered from them in the exercise of any duties imposed upon them by law, as the court suggested in his opinion supra. It appears in briefs of counsel that following the judgment rendered in this case appellant has proceeded to collect his alleged claims from respondents through a regular action filed in the Fayette circuit court where as the court suggests herein he can obtain all the relief to which he is entitled. Furthermore, it is the rule that the notice in summary proceedings must contain all the requisites of a petition in a regular action, and we so held in the cases of Johnson v. Bradley, 11 Bush 666, 74 Ky. 666, and Caulfield v. Bullock, 18 B. Mon. 494.

Wherefore, for the reasons stated, the judgment is affirmed.