CASE 101—ACTION BY MIKE SCHERM AGAINST W. I. SHORT, SHERIFF OF DAVIESS COUNTY, AND SAM JONES, ADMR. OF JESSIE GARRETT, DECEASED, TO SET ASIDE AN EXECUTION SALE OF LAND.—DEC. 2.

# Scherm v. Short, Sheriff, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT DISMISSING THE PETITION AS TO THE DEFENDANT, SHORT, AND PLAINTIFF APPEALS. AFFIRMED.

DRAINAGE DITCHES—SPECIAL ASSESSMENTS—LIEN— ENFORCEMENT— INDIVIDUAL LIABILITY OF LANDOWNER.

Held:    1. Act March 23, 1900; Laws 1900, p. 110, c. 30 (Kentucky Statutes, section 2400), relative to the construction of drainage ditches, etc., provides that on the completion of an allotment of a ditch the county surveyor shall give the land owner a certificate, which shall state the amount due the contractor for constructing the ditch, which amount shall be a lien on the land; and that, if any land against which an assessment has been made shall change hands, the sheriff shall give the new owner notice of the amount due, and on failure to pay, that the land shall be sold to satisfy the tax. HELD, that the assessment is not a claim against the owner individually, but against the land itself, which is liable to sale for satisfaction of an assessment, notwithstanding that the one to whom it was assessed has personal property from which the assessment might be satisfied.

R. G. HILL, ATTORNEY FOR APPELLANT.

### CLASSIFICATION OF QUESTIONS.

1. The office of sheriff is ministerial, and not judicial, and when a sheriff exceeds his power, he is liable for damages, in an action for tort. Bouvier's Dictionary; Sedgwick on Damages, vol. 2, secs. 543, 544; Herman on Executions, p. 146; 8 B. Monroe, 109; 3 A. K. Marshall, p. 981; 3 Metcalfe, p. 314.

2. A sheriff who sells land for taxes when there is personal property out of which taxes can be made, is guilty of a tort, and liable for damages. Kentucky Statutes, secs. 4151, 4150, 16 R., 837; Ency. Plead. & Prac., vol. 20, p. 24, 11 B. Mon., p. 183

SWEENEY, ELLIS & SWEENEY, FOR APPELLEE.

The Drainage Act, Kentucky Statutes, section 2400, provides: "When the county surveyor or engineer, heretofore provided for, accepts (the ditch) and issues his certificates of acceptance, he shall file with the county court clerk a copy thereof, whereupon the clerk shall charge the amount mentioned in said certificate on the tax books against the land assessed with such allotment, to be collected as other taxes are collected, together with six per cent. for the holder of the certificate after the same becomes delinquent, and when collected, it shall be paid to the person holding the certificate by the tax collector."

The county clerk places the charge on the sheriff's books.

The sheriff could do no less than sell the land as the assessment is against the land.

If Pettit did not own the land at the time of the assessment, there was no debt against him, and appellant can not complain that the sheriff did not make the debt out of Pettit.

The sheriff has done nothing for which he should be mulcted in damages, and appellant, according to his own statement, has suffered no injury or damage. Allen v. Wood, 20 R., 59.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, Mike Scherm, brought this suit in the Daviess circuit court against the appellee, Sam Jones, as administrator of Jessie Garrett, deceased, and W. I. Short, sheriff of Daviess county, to set aside and vacate a sale of land made by the appellee Short, as sheriff of Daviess county to Jessie Garrett, to satisfy an assessment for a drainage ditch made pursuant to the provisions of the act of March 23, 1900, and which is recited between sections 2380 and 2417, inclusive, of the Kentucky Statutes. Appellant alleges in his petition that he purchased the tract of land sold by the sheriff on the 15th day of February, 1902, and that on

the 20th of October, 1902, the defendant, as sheriff, levied upon and sold this land to satisfy an assessment against Thomas S. Pettit, as owner thereof, for the construction of a drainage ditch; and that the defendant, Sam James, as administrator of Jessie Garrett, became the purchaser thereof; and that Short certified the sale and purchase to the clerk's office of the county court for record. A copy of the certificate of sale made by the sheriff is filed with the petition as a part thereof, and is as follows:

"Commonwealth of Kentucky, County of Daviess. No. 7,174. This is to certify that I have an assessment due and unpaid against the land hereinafter described, in the action of J. B. Bryan on petition for a ditch, listed with me for collection, and I did levy on that certain tract of land assessed in the name of T. S. Pettit, lying in Daviess county, bounded on the north by the land of the Mutual Life Insurance Company, of Kentucky, on the East by the land of Frank Ebelhar, on the South by the Louisville and Nashville R. R., containing forty acres, more or less, being assessed as the land of Thomas S. Pettit, and afterwards conveyed to Mike Scherm by J. G. Hill, and advertised according to law for the 20th of October, 1902, it being county court day, and between 10 a. m. and 2 p. m., did sell the land above levied on after offering a less number of acres for the amount of said assessment, levy and commission, when Sam James, Jr., administrator, became the purchaser thereof. Given under my hand this 20th day of October, 1902. W. I. Short, sheriff.

"Assessment $146.75, cost $14.20,—total, $160.95.

"Commonwealth of Kentucky, County of Daviess. I. J. T. Griffith, clerk of the Daviess county court, do certify that the foregoing certificate of land sold for assessment, assessed in the name of Thomas S. Pettit, in proceedings of J. B.

Bryan, etc., on petition for a ditch, was this day lodged in my office, and admitted to record. Witness my hand, this 10th of November, 1902.

"J. T. GRIFFITH, Clerk."

The plaintiff further alleges that at the time of the levy and sale Thomas S. Pettit had sufficient personal property out of which the taxes could have been made; that the land levied on and sold by the sheriff to satisfy the ditch assessment had been assessed as the property of Thomas S. Pettit, but that he was not in fact the owner thereof at the time of such assessment, or liable for the assessment against such land; and prayed that the levy and sale made by the sheriff should be set aside. The defendant Short interposed a general demurrer to plaintiff's petition, which was sustained, and the petition as to him dismissed. Plaintiff asks a reversal of the judgment upon the ground that it was the duty of the sheriff to have collected the assessment by a sale of the personal property of Thomas S. Pettit, the alleged owner against whom the assessment was made. Section 21 of the act of March 23, 1900 (Laws 1900, p. 110, c. 30), provides: "It shall be the duty of the county surveyor or engineer, on being notified by any landowner that his allotment, or by any contractor that his job, is completed to inspect the same; and if he find that it is completed according to the specifications of the report on which the ditch was established, he shall accept it and give the land owner, or, in case the job has been sold to the contractor, a certificate of acceptance, stating that said allotment or job is completed according to such specifications. And if any share or allotment has been sold to a person, not the owner of the land assessed therefor, he shall in addition, state the amount due the contractor for constructing the same from the owner of the land, which certificate shall be a lien on the land as-

sessed for such share or allotment, and shall be due and payable immediately by the owner of the land; and if the allotment sold belongs to a non-resident of the county, the clerk shall state such fact when he offers it for sale. And when the county surveyor or engineer, heretofore provided accepts it and issues his certificate of acceptance, he shall file with the county clerk a copy thereof, whereupon the clerk shall charge the amount mentioned in said certificate on the tax book against the land assessed with such allotment to be collected as other taxes are collected, together with six per cent. for the holder of the certificate after the same becomes delinquent, and when collected, it shall be paid to the person holding the certificate by the tax collector, and said tax collector shall receive four per cent. for collecting the same, to be paid by the certificate holder." It will be observed that the assessment is against the land, and a lien is given by the statute on the land to secure the payment of such assessment. There is a marked distinction between local assessment of this character and taxes levied for general revenue purposes. They are not levied for the purpose of sustaining the government, but are charges against specific property, because the property itself is supposed to receive a special benefit therefrom different from the general one which the owner enjoys in common with other citizens of the Commonwealth. This question was very fully considered by this court in Gosnell v. City of Louisville (104 Ky., 201, 20 R., 519), 46 S. W., 722, and it was there held that an assessment of this character was not a tax within the meaning of sections 157, 171, 172, and 174 of the Constitution, limiting the tax rate of cities, and requiring equality and uniformity of taxation. A very full discussion of the question is found in Elliott on Streets & Roads, c. 25. The assessment for the construction of the

ditch under the statute was not a claim against the owner of the land in his individual capacity, but an assessment against the land itself. And the statute provides that, if any land against which such an assessment has been made shall have changed hands, the sheriff shall give the new owner notice of the amount due and assessed against the property, and, in the event of his failure to pay, that the land shall be sold to satisfy the tax. It follows, therefore, that the demurrer was properly sustained.

Judgment affirmed.

Petition for rehearing by appellant overruled.