296    KENTUCKY REPORTS.    [Vol. 118

Scherm v. Garrett's Admr.  Stites v. Bartlett, &c.

CASE 33—SEPARATE ACTIONS BY MIKE SCHERM AGAINST JESSIE GAR-
RETT'S ADMR , AND BY JOHN STITES AGAINST W. A. BARTLETT AND
OTHERS TO QUIET TITLE TO LAND.—MAY 24.

# Scherm v. Garrett's Admr.
# Stites v. Bartlett, &c.

APPEAL FROM DAVIESS CIRCUIT COURT—W. T. OWEN, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.  AFFIRMED.

DRAINS—PROCEEDINGS—LIENS—SUBSEQUENT  PURCHASERS—NOTICE—
LIS PENDENS.

Kentucky Statutes 1903, section 2380, provides for proceedings
in the county court for the construction of drains and the assess-
ment of the cost against the lands benefited, but the land owner
himself is permitted to do the work, and, until he has neglected
or refused for a certain period of time after the confirmation
of the report of the viewers, the contract for the work can not
be let to others.  HELD, that no lien arises on the land until the
contract has been let, and one who purchases the property after
the judgment of the county court directing the opening of the
drain, but before the contract has been let to a third person,
can not resist the payment of the assessment against such prop-
erty on the ground that no notice of *lis pendens* has been filed
by the third person, as provided in Kentucky Statutes 1903, sec-
tion 2358, which requires such notice, in all proceedings affecting
the title to land, in order to affect the interest of "subsequent
purchasers."

R. G. HILL, ATTORNEY FOR APPELLANTS.

Statement of propositions of law relied on and authorities:

1. The general demurrer of the plaintiff to the answer.

2. The motion to make the answer more definite and certain
should have been sustained.

3. The motion of plaintiff to strike out certain portions of the
answer should have been sustained.

4. The reply tendered an issue and the case did not stand
for trial.

5. The defendant's demurrer to the reply should have been overruled.

6. The assessment of the land sold was void and no lien attached and therefore the sale thereunder was void. 13 Bush, 426; 89 Ky., 125; Cooley on Constitutional Limitation (6th Ed.), 638; 14 Ky. Law Rep., 88.

7. If a memorandum in writing of the pendency of a proceeding to assess a tax on land under the drainage act is not filed in the county court clerk's office, as required by section 2358a of the Kentucky Statutes, the tax lien is not good against a subsequent purchaser for value without notice. Ky. Stat., sec. 2358a; 23 Ky. Law Rep., 897.

8. The holder of the prior equity has the prior right. 11 Bush, 371.

9. A purchaser without notice of a prior equity is protected, although his vendor had notice. 11 Bush, 372; Story's Equity Jurisprudence, 427; 3 Bibb, 803; 23 Ky. Law Rep., 2430.

10. A purchaser at tax sale must set up and prove a substantial regularity of all proceedings thereunder. Cooley on Taxation, 353; Ky. Stat., sec. 2380, sub-secs. 2, 9, 16, 19, 21; Ky. Stat., 4151, 4158.

11. Assessment for drainage purposes, under State Drainage Act, section 2380 of the Kentucky Statutes, calls into use the taxing power under the Constitution. Ky. Stat., sec. 2380; 100 Ky., 710.

12 An assessment must be legal to give a lien, and if not, no lien attaches to the land for the benefit of a purchaser at tax sale. See authorities cited under No. 10.

13. A taxpayer is entitled to a hearing, or it is taking property without due process of law, and if he is not offered a hearing the assessment is void. 13 Ky. Law Rep., 266; 79 Ky., 197; 89 Ky., 112.

14. The drainage act requires process to be executed on the taxpayer twenty days before judgment confirming the assessment, and if this is not done, the judgment and assessment are void. Ky. Stat., sec. 2380, sub-secs. 4, 9, 13; 89 Ky., 112; 13 Ky., 176.

15. That when land required to be assessed to the owner is assessed to another, the proceedings are void. 31 Miss., 135; 42 Mo., 162; 39 Cal., 65; 9 Tex., 408; Cooley on Taxation, 398.

16. Personal notice does not confer jurisdiction on a court of record. 14 Ky. Law Rep., 394; 4 Bush, 396.

17. This action is in the nature of a bill *quia timet* and legal title and possession are sufficient to maintain the action. 14 Ky., 86.

298            KENTUCKY REPORTS.            [Vol. 118

Scherm v. Garrett's Admr.   Stites v. Bartlett, &c.

J. R. HAYES, ATTORNEY FOR APPELLEE.

This record should be affirmed because:

1. It shows that the construction of the ditch complained of would benefit appellant Scherm's land $800, and this was judicially determined.

2. The assessment for the construction of the ditch under the drainage statute was not a claim against the owner of the land in his individual capacity, but an assessment against the land itself.

3. R. G. Hill, the attorney for appellant in this action, sold the land to appellants Scherm and Stites, and was a party to the proceeding for constructing the ditch, and was attorney for the petitioners, prepared the pleadings and orders in the case, and knew that it was assessed in the name of Thos. S. Pettit, and these facts were known to appellants, who are *lis pendens* purchasers and were bound to take notice of these proceedings. Smith v. Petrie, 25 Ky. Law Rep., 2014.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

These actions were brought by the respective appellants to quiet their title to certain parcels of land in Daviess county which they are the owners of, as against the claims of appellees for liens asserted by them for the cost of establishing a ditch under the drainage act. The lots were proceeded against as the property of Thomas S. Pettit. As a matter of fact, the beneficial owner was R. G. Hill. Hill was a party to the proceeding in the county court to establish the ditch at the cost of the property owners cited, but it was because of other property which he owned. However, he was an attorney for the petitioners in the proceeding, drew the orders, and urged and procured their entry by the county court establishing the ditch, and apportioning its cost against the lands of the district established by the order of the court, including the lands in controversy. Pending the proceedings, Hill was adjudged to be the owner of the title of the lots in question. After the judgment of the county court directing the opening of the ditch, and ap-

Vol. 118]　　　APRIL TERM, 1904.　　　299

Scherm v. Garrett's Admr.　Stites v. Bartlett, &c.

portioning its cost according to the report of the viewers, Hill sold and conveyed these lands to the appellants. As was required by the statute, due advertisement was made offering to the owners of the lots the right to do the work themselves, as required by the report of the viewers under the judgment of the court, but in default thereof the contracts were sold to the lowest and best bidder within the statutory price. Such bidder is called in the statute the purchaser of the contract. He completed the work without objection from appellants, and was thereafter given a certificate of that fact by the surveyor. The owner against whom the assessment had been made, Pettit, having refused upon demand to pay the ditch taxes assessed against him, the certificate was levied upon the land by the sheriff.

Appellants contend that this was illegal, because Pettit had personal property out of which the sum could have been made, and until it was exhausted the sheriff could not legally distrain the real estate for taxes. This question, however, was presented on the appeal of appellants against the sheriff from the judgment of the court dismissing the sheriff from the suit, and was decided adversely to appellants' contention in that case. See Scherm v. Short, Sheriff, 116 Ky., 946, 77 S. W., 357, 25 Ky. Law Rep., 1108.

The only other ground of complaint of enough importance to attract serious attention is the claim of appellants that, as they were innocent purchasers of the land without notice of the proceeding in the ditch case, and that as no notice was filed under section 2358a, Kentucky Statutes, 1903 (being the act of March 17, 1896), the land can not be charged in their hands with this lien. The court is of opinion that the section relied on would be applicable if the proceedings to create the lien against the original owner, Hill or Pettit, as the case may be, had progressed to the point where the

300      KENTUCKY REPORTS.      [Vol. 118

Scherm v. Garrett's Admr.    Stites v. Bartlett, &c.

contractor had obtained a lien or a right to a lien, upon the land. But such was not the case here. At the time that appellants bought, the proceedings (which were had under section 2380, Kentucky Statutes, 1903), had gone only so far as the determination, by judgment of the county court, that a ditch should be established and opened at that point, and that a certain proportion of its cost should be devolved upon the land in question. By the terms of the statute the owner is permitted himself to do the work, and not until he has refused or failed, for a given number of days after the confirmation of the report of the viewers, can the contract be let by the county court clerk under subsection 19 of the act. So that, when appellants bought the land, the situation was that it had been ascertained in a proceeding *in rem* against it that it would be benefited or improved more than the cost assessed against it for the proposed public ditch; that the owner, appellants' vendor, had the right to himself then do this work, so far as this land was assessed. Up to that time no one had a lien against the land, nor a right to such lien. After appellants' purchase the contract was offered for sale. It was then, upon appellees' buying the contract, that any one for the first time had a right to a lien against appellants' land for any sum in connection with this work. If such contractor wanted to protect himself against innocent purchasers from appellants, he could have done so only by filing the *lis pendens* notice provided for in section 2358a, *supra*. But as between the parties—that is, the contractor and the then owner—the lien was enforceable. The only chance the contractor took in the matter was that appellants might have sold and conveyed the land to another, an innocent purchaser for value, without notice, and thus have defeated his claim for a lien. Hill, the vendor, did not sell the land improved by the ditch. Up to the time of sale

the improvement was merely one in contemplation, that add-
ed neither to the value of the land, nor created a charge
against it. There being neither a lien in existence against
the land, nor a claimant of such lien, it was obviously im-
possible for the *lis pendens* notice provided for by section
2358a, *supra*, to have been filed. That section could not,
therefore, have applied to. this proceeding at that time.

The judgments in both cases are affirmed. Petition for
rehearing by appellant overruled.