## Carter v. City of Louisville.

(Decided April 18, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Taxes—Lis Pendens Notice of Action to Enforce Collection of.— Section 2358a of the Kentucky Statutes providing for the filing in the clerk's office of a lis pendens notice applies to actions

to enforce the collection of taxes that are brought or pending after the expiration of five years from the time the taxes become due.

2. Taxes—Lien—Purchaser Without Notice.—Under Section 4021 of the Kentucky Statutes, the tax lien exists for five years, and this lien cannot be defeated by a sale of the property, as the purchaser is charged with notice of the lien; but a purchaser, without notice, after the expiration of five years from the time the tax became due, will be protected, unless notice of the suit to collect the tax was given in compliance with section 2358a of the Kentucky Statutes.

FURLONG, WOODBURY & FURLONG for appellant.

JOSEPH S. LAWTON and CLAYTON B. BLAKEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1906 the City of Louisville filed a suit against George Hoertz, seeking to subject certain real estate in the city of Louisville owned by him to the payment of taxes assessed in 1900 and due in 1901. While this action was pending, and in December, 1909, the appellant Carter purchased the property sought to be subjected from Hoertz, without notice of the pendency of this suit. The city did not file in the clerk's office of the county court the notice of the pendency of the suit as provided for in section 2358a of the Kentucky Statutes, and the only question in the case is, does this statute apply to actions seeking to enforce a lien for taxes upon property. If it does, the judgment of the lower court deciding against Carter must be reversed; if it does not the judgment should be affirmed.

Section 2358a of the Kentucky Statutes, which is an act of March 17, 1896, provides that:

"No action, cross action, counterclaim, or other proceeding whatever (save actions for forcible detainer or forcible entry or detainer) hereafter commenced or filed in which the title to, or the possession or use of, or any lien, tax, assessment, or charge on real estate, or any interest therein, is in any manner affected or involved, nor any order or judgment therein nor any sale or other proceeding thereunder, shall in any manner affect the right, title or interest of any subsequent purchaser, lessee or incumbrancer of such real estate or interest for value and without notice thereof, except from the time when there shall be filed in the office of the clerk of the county court of the county in which such real

estate, or greater part thereof, lies, a memorandum stating (one) the number of said action where the action is numbered, and style of such action or proceeding and the court in which it is commenced, or is pending; (two) the name of the person whose right, title, interest in, or claim to, real estate is involved or affected; (three) a description of the real estate in said county thereby affected. * * * *''

Section 3006 of the Kentucky Statutes, which is a part of the charter of cities of the first class, reads:

''The fee-simple of all lands in the city, and the full term and renewal of every leasehold carrying with it the value of the improvements thereon, shall be subject, from and after the first day of September of each year, to a lien for the city tax, to be assessed thereon for the succeeding year, which lien shall be superior to homestead right, and to all encumbrances, whether made before or after that date, except State taxes, and shall take precedence of dower, curtesy, remainders, reversions, or future estates; and from the beginning of the action a lien for each tax bill assessed against the same owner or set of joint owners shall also arise upon every piece of land or improvements still owned by him or them, with a view to the sale of less than all the pieces, for all the tax bill, subject to such marshaling of burdens as against third parties as the rules of equity may require.'' * * *

And section 4021, under the head of Revenue and Taxation, reads:

''The Commonwealth, and each county, incorporated city, town or taxing district, shall have a lien on the property assessed for the taxes due them respectively (for five years) which shall not be defeated by gift, devise, sale, alienation, or any means whatever, unless the gift, devise, sale or alienation shall have been made for more than five years before the institution of proceedings to enforce the lien, and nothing shall be exempt from levy and sale for taxes and cost incident to the sale.'' * * *

The question submitted, although one of first impression, is not so difficult of solution. The lis pendens statute is by its terms very broad and expressly includes actions to recover taxes; and so if the words are to be given their natural and reasonable meaning and effect, there seems to be no escape from the conclusion that it applies to actions to recover taxes.

Counsel for the city insists that section 2358a is inconsistent with sections 3006 and 4021, and, that as section 4021 was enacted subsequent to section 2358a it impliedly if not expressly repealed so much of it as required notice of actions to enforce liens for taxes, and the lower court so held. But we think these statutes may be so construed as to avoid conflict between them and at the same time give force and effect to all of them. Under section 4021 the city has a lien for taxes for five years, which can not be defeated by a sale, alienation of the property or any other means; and if the city within the five years undertakes to collect its taxes by suit or other method, it is not required to give the notice provided for in section 2358a, unless the relief sought is not obtained until after the expiration of the five years. In other words, the lis pendens statute does not apply until five years has expired. The lien created by the statute exists for five years, and any purchaser of the property in lien for the taxes within the five years takes it subject to the tax lien, and must be presumed to have notice of the statute giving to the city a superior lien upon the property for this length of time. But this statutory lien only exists for five years, and if the city attempts or desires to extend its lien, so as to make it effective for longer than five years against a purchaser of the property without notice after the five years has run it must give the lis pendens notice. For example, if an action is brought to subject property for taxes before the expiration of five years from the time the taxes become due, and the suit is pending when the five years expires, the city need not give any notice until the expiration of the five years; but if it desires to preserve its statutory lien beyond the five years, it must at the end of the five years give the notice, and of course the notice must be given if the suit is filed after the five years has run. The law contemplates that taxing authorities should be diligent in their efforts to collect the public revenues, and five years certainly gives the city ample time in which to collect taxes. If it delays their collection for a longer period than this, a purchaser without notice has a right to presume that the taxes have been paid, and if the lis pendens notice has not been given, his right will be superior to that of the city. We should also add that notice of a pending action filed at any time will be effective as to a purchaser after the notice has been given.

We have been referred to a number of authorities by

counsel for the city, but no one of them seems to be pertinent to the question before us, or in conflict with the view we have expressed. As more than five years from the time the tax became due had expired before Carter bought the property, his answer averring that he purchased without notice of the lien of the city or the pendency of the action presented a good defense, and the demurrer to it should have been overruled.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.