## Combs, et al. v. Miller.

(Decided September 27, 1912.)

### Appeal from Perry Circuit Court

1.   Land—Action to Secure Possession of—Notice—Execution Sale.— A notice, used as the basis of a proceeding under section 1689 of the Kentucky Statutes, to secure possession of a tract of land sold under execution, is sufficient if it follows the form prescribed by that statute.

2.   Land—Fraudulent Conveyance of—Against Whom May Action for Possession Be Prosecuted.—Where the owner of land joined in a scheme, whereby his land was fraudulently conveyed to another, a proceeding under section 1689 of the Kentucky Statutes to secure possession of the tract of land from the original owner may be prosecuted against the original owner and the tenant of his fraudulent vendee.

3.   Land—Creditor Claiming Lien—Notice.—Section 2358a of the Kentucky Statutes, which requires a creditor claiming a lien on land to file a notice of his lien in the county court clerk's office in order to prevail against a subsequent purchaser, applies only to cases where the subsequent purchaser is a purchaser for value and without notice of the pre-existing lien.

MILLER & WHEELER for appellants.

C. M. HORN and D. C. EVERSOLE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is a proceeding by Nannie Miller, under section 1689 of the Kentucky Statutes, to secure possession of

a small tract of land lying on Grape Vine Creek in Perry County, which she had bought under an execution sale against appellant Granville Combs. The proceeding was begun by notice and motion entered March 17, 1910, against John Combs and Granville Combs, who are the sons of David Combs. The rights of the parties arise under the following state of facts. On May 8, 1905, Nannie Miller obtained a judgment in the Perry County Court against Granville Combs for $325.00, and upon that judgment an execution issued September 3, 1905, which was returned "no property found." On September 23, 1905, she filed in the office of the circuit clerk of Perry County a transcript of the proceedings in the county court, and caused an execution to be issued from the office of the circuit court clerk, which was, on September 28, 1905, levied upon the land in controversy, which belonged to Granville Combs. After making the proper advertisement, the sheriff sold the land on November 13, 1905, to Nannie Miller, the plaintiff in the execution. Nothing further was done until February 11, 1908, when the sheriff executed and delivered a deed to Nannie Miller for the land in controversy, and this deed was recorded on May 25, 1908. On February 18, 1908, within a week after appellee had secured her deed, David Combs sued his son, Granville Combs, on an alleged lien note for $150.00, which was dated April 6, 1904, and payable one day thereafter. David Combs obtained a default judgment upon this note on March 4, 1908; and, at the Commissioner's sale held May 25, 1908, under that judgment, he bought the land in controversy. On May 30, 1908, the Commissioner executed to David Combs a deed for the land purchased. As above stated, this proceeding was begun on March 10, 1910, by Nannie Miller to obtain possession of the land from John Combs and Granville Combs.

1. First, it is insisted that the notice is insufficient, in that it fails to state certain facts that were deemed prerequisite to a recovery, by this court in Bunnell v. Thompson, 12 Bush, 116. It will be noticed, however, that the statute construed in that case was materially different from section 1689 of the Kentucky Statutes, under which this proceeding is had; and, that the notice in this case carefully follows the form of notice prescribed by the present statute. The notice is sufficient when it follows the statutory form.

2. It is further insisted that David Combs is the owner of the land; that his son John Combs holds merely. as his tenant; that the statute applies only to. the defendant in the execution whose land has been sold; and that it was error under Bunnell v. Thompson for the circuit court to award a writ of possession against both John and Granville Combs.

To meet this defense that David Combs is the present owner of the land in controversy, appellee alleges, and, in our opinion, proves, that the note of April 6, 1904, for $150.00, which was the basis of the foreclosure suit of David Combs against Granville Combs, was fraudulently given by Granville to his father for the purpose of defeating appellee's claim, and that the foreclosure suit and sale were mere devices for the purpose of carrying out appellants' fraudulent design.

A slight review of the leading facts of the case will easily show that David Combs and his sons not only knew of appellee's lien, but that they got up the scheme of the foreclosure suit for the purpose of defeating her debt. It will be remembered that appellee bought the land at the sheriff's sale on November 13, 1905, and that she did not obtain a deed from the sheriff until February 11, 1908. Within a week after that date, David Combs sued his son Granville on a note dated April 6, 1904, and due one day thereafter. This note is described in the foreclosure petition as having been given for the purchase money on the tract of land in controversy, which they allege, had. been purchased from Elisha Hughes. Neither the note nor the Hughes deed is filed, nor is their absence accounted for. The only paper in the record that could possibly be used to identify this note is a deed from Jesse Napier and wife to Granville Combs for the land in dispute, dated April 6, 1904; but the consideration of that deed was "$200.00 in hand paid." Nowhere, in the record, is it claimed that the note for $150.00 is secured by this Napier deed; and there is no, other deed or motgage that secures it.

Furthermore, James Eversole testified that after Nannie Miller obtained her judgment against Granville Combs, John and Granville Combs asked Eversole what he thought about the efficacy of a note "to hold the land on" and "if he thought if Granville had given a note dated corresponding with the date of the deed, he could hold the land on it." Eversole further testified that he

wrote, for Granville and John Combs, a form of a note which they said they wanted to give to their father, David Combs, "in order that he might hold the land on it." Eversole sums up the effect of his conversation in his answer to the last question propounded to him, which reads as follows: "Q. From the conversation you had with John Combs and Granville Combs about this note business, was it your understanding that this was only a fixed up note in order to hold the land in controversy? A. Yes, sir; that was my understanding."

This evidence, taken in connection with the fact that neither David Combs, Granville Combs nor John Combs has seen fit to testify in this case, leads us to the inevitable conclusion that appellee's charge of fraud against them in connection with the foreclosure proceedings, is thoroughly sustained. The land belonged to Granville Combs at the time appellee obtained her deed, and his subsequent fraudulent attempt to convey it to his father did not affect her rights; and John Combs being in possession, and claiming to be the tenant of someone other than the real owner, it was not error to make him a party defendant. Clearly Granville Combs cannot complain of the procedure.

3. Finally, appellants rely upon section 2358a of the Kentucky Statutes, which requires a lien creditor to file a notice of his lien in the county court clerk's office in order to prevail against a subsequent purchaser for value, and without notice of the prior claim. Hatcher v. Wagner, 120 Ky., 604; Ponder v. Boaz, 23 Ky. L. R., 2429, 67 S. W., 833; Low v. Skaggs, 31 Ky. L. R., 1292.

It is true the statutory notice was never filed by appellee, but it is further true that appellants not only had notice of appellee's judgment and claim, but took part in the fraudulent proceedings to defeat her claim. The statute, by its terms, protects only purchasers, for value, and without notice of the pre-existing claims; and appellants have wholly failed to bring themselves within that class. White v. Manning, 26 Ky. L. R., 887, 82 S. W., 607; Scherm v. Garrett, 118 Ky., 300; City of Middlesborough v. Coal & Iron Bank, 33 Ky. L. R., 471, 110 S. W., 355.

Other minor points are raised in the defense, but in view of the conclusion already reached, it becomes unnecessary to pass upon them.

Judgment affirmed.