## Trapp's Admr. v. Bailey, et al.

(Decided February 20, 1913.)

Appeal from Kenton Circuit Court.
(Criminal, Common Law and Equity Division.)

1. Liens—Street Improvement—Limitation—Lis Pendens.—The cause of action to enforce a lien for the cost of street improvement accrues when the improvement is accepted by the council, and is barred in five years unless an action is brought within that time to enforce the lien. If such an action is brought the lien will be kept alive against the owner of the property at the time the improvement was made, as well as against other parties to the action, until final judgment; but if the property is conveyed, after five years from the date when the action accrued, to a purchaser for value without actual notice of the lien, and who is not a party to the action, he will be released by the five-year statute of limitation, unless the lis pendens notice provided for in section 2358-A of the Kentucky Statutes is filed.

2. Liens—Street Improvement—Purchaser for Value Without Notice.—A purchaser for value without actual notice of the pendency of an action to which he is not a party, is not chargeable with notice of the ordinance creating the lien, or the pendency of the action unless the plaintiff in the suit files a lis pendens notice.

CHAS. M. F. STRIGER, for appellant.

SHAW & WARE and ORIE S. WARE, for appellees.

Opinion of the Court by Judge Carroll—Affirming.

This litigation arose out of the attempt of the appellant to subject lots owned by the appellees to the payment of apportionment warrants. In December, 1904, the board of council of the city of Latonia enacted an ordinance levying an apportionment tax for street improvements on lots 287 and 288, as well as other property, and at the time this ordinance was passed one Frank H. Smith was the owner of the lots in question.

On December 14, 1908, appellant instituted this action against Smith and one Hall, the vendee of Smith, for the purpose of subjecting these lots to the lien, and it appears that in July, 1911, a judgment and order of sale was entered, and a sale made under the judgment, which was set aside. In November, 1911, the appellant filed an amended petition making the appellees parties, and in answer to this amended petition the appellees set up that Smith and wife, who owned the lots in 1904, conveyed them to Mary F. Keefer in March, 1905, and that she conveyed them to Lettie B. Hall by a deed made in November, 1906, but not recorded until June, 1908. That Lettie B. Hall sold the lots in 1908 to Maud M. Walker and conveyed the same by deed, which was recorded in November, 1909. That in October, 1910, Maud M. Walker sold and conveyed the lots to Tomlin, who sold and conveyed them in April, 1911, to appellees.

They further averred that on the date of the conveyance to them of the lots "the cause of action herein was more than five years old and the same was then and there barred by the Statute of Limitation in such cases made and provided; that the plaintiff in this suit did not file in the office of the Kenton County clerk in the city of Covington any notice of the pendency of this suit as required by law, and these defendants state that at the time of the purchase of said property they had no information, notice or knowledge whatever of the pendency of this action; that there is not and has not been filed by the plaintiff in this action any lis pendens notice against any of the owners of said real estate since 1904; that these defendants were purchasers of said property for a valuable consideration in good faith and without any notice of the pendency of the suit herein or of the claim sued on.

These defendants further state that the cause of action herein sued on occurred, existed and accrued more than

five years next before the date of the purchase of said property by them in April, 1911, and occurred, existed, and accrued more than five years before the filing of the amended petition herein on November 17, 1911, and they state that said action against them and against the lots of real estate herein described is barred by the Statute of Limitation and these defendants plead and expressly rely upon the Statute of Limitation in such cases made and provided as a complete bar to the causes of action herein set out."

To this answer a demurrer filed by appellant was overruled, and thereupon appellant filed a reply in which he denied any knowledge or information sufficient to form a belief that the appellees had caused the title to the lots to be examined before purchasing the same, and denied that the cause of action was barred by limitation. He further pleaded:

"It is true that he did not cause to be filed in the Kenton County Clerk's office any notice of the pendency of this suit, but he denies that same was necessary in view of the fact, as shown by the record herein, that said defendants have each been made parties hereto and each personally summoned herein, and plaintiff denies that these said defendants had no information, notice or knowledge of the pendency of this action, as it at the time existed, and plaintiff denies that said defendants were purchasers of said property for a valuable consideration, in good faith, without any notice of the pendency of this action, or of the claim herein sued on, but he says the public records of the city of Latonia, now Covington, Ky., were due notice to them of the existence of said liens, and that plaintiff's said liens were not destroyed, or rendered nugatory by the failure to file the said notice in the Kenton County Clerk's office, but that plaintiff's liens then existed and still exist, and are enforceable against said lots."

To this reply a demurrer on the part of appellees was sustained, and declining to plead further the petition, in so far as it sought relief against appellees, was dismissed.

It is insisted by counsel for appellant that the general demurrer to the answer of appellees should have been sustained. We do not think so. The lis pendens statute, Kentucky Statutes, Section 2358a provides:

"That no action, cross action, counterclaim, or other

proceeding whatever (save actions for forcible detainer or forcible entry or detainer) hereafter commenced or filed in which the title to, or the possession or use of, or any lien, tax, assessment, or charge on real estate, or any interest therein, is in any manner affected or involved, nor any order or judgment therein, nor any sale or other proceeding thereunder, shall in any manner affect the right, title or interest of any subsequent purchaser, lessee or incumbrancer of such real estate or interest for value and without notice thereof, except from the time when there shall be filed in the office of the clerk of the county court of the county in which such real estate, or greater part thereof, lies, in memorandum'' * * *

This section has been frequently construed and held to apply to actions of all kinds in which it is sought to subject in any manner real estate against a purchaser for value without notice of the lien sought to be enforced. Since the enactment of this statute the filing of a petition seeking to enforce a lien does not create a lis pendens notice, nor does an ordinance directing the improvement of property, nor an ordinance charging the property with the cost of the improvement. Combs v. Miller, 149 Ky., 546; Perkins v. Ogilvie, 140 Ky., 412; Donacher v. Tafferty, 147 Ky., 337; Carter v. City of Louisville, 147 Ky., 791.

Here the ordinance creating the lien was passed in 1904, and the lien existing by virtue of this ordinance alone and independent of the action to enforce the lien conferred by the ordinance only existed five years. Therefore if no action had been instituted to enforce the lien it would have expired by limitation in December, 1909. This was expressly held in Waggoner v. Board of Councilmen, 30 Ky. L. R., 847, where it was said that the cause of action to subject property to a lien for street improvements accrued when the work was accepted by the city council and was barred within five years from that date under Section 2515 of the Kentucky Statutes, providing that a liability created by a statute, when no other time is fixed by the statute creating the liability, shall be commenced within five years next after the cause of action accrued.

This action was instituted originally before the statutory bar had run, but as no lis pendens notice was given of the institution or pendency of the action, it did not have the effect of extending the statutory period beyond

five years against purchasers for value without actual notice of the pendency of the action. To state it differently, as the action was instituted within five years from the date of the accrual of the cause of action if the lis pendens notice had been filed, it would have stopped the running of the statute in favor of appellees or other purchasers, and have kept alive the lien on the land until the action had been prosecuted to a final judgment; but as the lien created by the ordinance had expired before appellees purchased the property, and as the pendency of the action did not keep the lien alive against purchasers for value and without notice, the plea of the statute of limitation constituted a complete bar to the action to which they were not made parties until the lien created by the ordinance had expired unless it be that the plea denying that the lis pendens notice was given, and the averment that the appellees were purchasers for value and without notice was insufficient.

Upon this point it is strongly insisted by counsel for appellant that the pleading of appellees before notice is fatally defective. The essential things that appellees should have averred in their answer were, that the lis pendens notice was not filed, and that they were purchasers for a valuable consideration, and without any notice of the pendency of the action, and it seems to us that the answer avers distinctly the existence of these three facts.

It is further argued that if the answer aptly pleaded these defenses that the reply put in issue the averments of the answer, and therefore the court erred in sustaining a demurrer to the reply. We do not think the reply put squarely in issue the material averments of the enswer or that it was intended to do so. After admitting that no lis pendens notice was filed, it, in effect, denies that appellees were purchasers of said property for a valuable consideration, without notice of the pendency of the action, because the public records of the city of Latonia were notice to them of the existence of the lien. The reply does not distinctly, and disconnected from the averment that appellees had notice of the lien because it was a public record, deny that they were purchasers for value, without notice. The denial that they were purchasers for value without notice is coupled with and made a part of the averments that they had notice of the lien which was a public record of the city of Latonia.

We infer from the reply that counsel for appellant did not intend by this pleading to make any issue of fact but that his purpose in filing it was to bring distinctly to the notice of the court his insistence that a lis pendens notice was not necessary because the lien upon which he relied was a public record of the city of Latonia. We think the reply did not controvert the material averments of the answer, or make any issue of fact to be determined by evidence. This being so, the record presents simply a question of law, which we think, for the reasons stated, was correctly ruled by the lower court.

The judgment is affirmed.