## Daugherty v. Pond Creek Coal Company.

(Decided October 19, 1916.)

### Appeal from Pike Circuit Court.

Attorney and Client—Liens—Remedies of Attorney.—Liens allowed attorneys under section 107 of the Kentucky Statutes upon lands recovered by them are subject to the provisions of section 2358a of the statutes requiring lis pendens notice to be filed in the county court clerk's office as against subsequent purchasers of the land without notice.

STATON & PINSON, WHITT & SHANNON and W. SCOTT WHITT for appellant.

AUXIER, HARMON & FRANCES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This action was originally filed in the Pike circuit court by Sallie Daugherty against her husband, J. L. Daugherty, for a divorce and alimony, in which suit, on September 28, 1911, an attachment was issued and levied upon land then owned by the husband; the appellant W. Scott Whitt being the attorney of record for the wife.

Thereafter and before a judgment was rendered, the Daughertys, husband and wife, sold and conveyed the attached land, the title to which was subsequently acquired through several mesne deeds by appellee. Neither appellee nor any of its predecessors in title under the deed from the Daughertys were parties to the suit for divorce and alimony, nor was there any notice of the attachment lien filed in the office of the clerk of the county court as required by Section 2358a of the Kentucky Statutes.

At the February, 1912, term of the circuit court a judgment was rendered in favor of Sallie Daugherty, granting her a divorce from her husband, J. L. Daugherty, and judgment for alimony and costs, including $200.00 as a fee for her attorney, appellant W. Scott Whitt, for his services in that action.

Before the next term of court in May, 1912, appellee filed a petition to be made a party to the divorce action and asked that the judgment rendered therein be vacated or modified in so far as same awarded to the wife and appellant, W. Scott Whitt, a lien upon the land recited therein to be the property of the husband, but which, in fact, was owned by appellee, upon the ground that the judgment was procured by fraud in withholding from the court information of the fact that the land had been theretofore conveyed, wL___ fact was alleged to have been known by the parties in behalf of whom the judgment was rendered. The trial court permitted the petition of appellee to be made a party to be filed, overruled demurrers thereto, and upon issue being joined and proof heard, rendered a judgment at the May, 1913, term of court, vacating and modifying the judgment rendered at the February term in so far as same sustained the attachment and awarded the wife, and appellant, Whitt, liens upon the land in controversy

Both the wife and appellant, Whitt, prosecuted an appeal to this court from the judgment of the lower court vacating and modifying the former judgment, but Sallie

Daugherty having effected a compromise with appellee, her appeal, upon her motion, has been dismissed, so that only the appeal of Whitt is now before us.

Appellant's sole contention here is that the original judgment was not fraudulently obtained in so far as appellee is concerned, because his lien attached when the attachment was levied upon the land in September, 1911, before it was conveyed by the Daughertys, and that all rights of appellee, growing out of the Daugherty deed, are inferior and subject to his prior rights under the attachment; that as his lien is created under Section 107 of the Kentucky Statutes, which is separate and distinct from Section 2358a, it was not necessary for him to file the notice required under the latter statute in order to preserve his lien.

Appellant is mistaken in the assumption that it was not necessary, in order to preserve his lien as against subsequent bona fide purchasers, to file notice, because subsection 2 of Section 2358a of the Kentucky Statutes expressly provides that ''No attachment or execution hereafter issued, nor any levy or sale under either, shall in any manner affect the right, title to, or interest of a subsequent purchaser, lessee or incumbrancer without notice thereof of any real estate or any interest therein upon which such attachment or execution may be or may have been levied, except from the time there shall be filed in the office aforesaid a memorandum, etc.'' This section has been frequently construed by this court, and a failure to comply therewith held to defeat any lien based upon an attachment or execution as against a subsequent purchaser without notice. Donacher v. Tafferty, 147 Ky. 337; Combs v. Miller, 149 Ky. 546; Trapp's Admr. v. Bailey, 152 Ky. 369; Conley v. Mayo, 157 Ky. 445.

The evidence having shown conclusively that the attached land has been conveyed by the parties owning same after the levy of the attachment and before the original judgment was rendered, that this fact did not appear of record, but that appellant had knowledge thereof but withheld same from the court, and that appellee had subsequently purchased same without notice of the attachment, and it being admitted that the *lis pendens* notice had not been filed, it is manifest that appellant was not entitled to a judgment for a lien upon the land, and could not have procured same if the court had been apprised of the sale of the land; that under such circumstances the

withholding of this information from the court was fraudulent, and that the judgment appealed from is fully sustained by the evidence.

Wherefore the judgment is affirmed.