## Roark, et al. v. Bank of Fountain Run.

(Decided April 29, 1919.)

### Appeal from Allen Circuit Court.

1. Lis Pendens—Form and Requisites in General.—A creditor in order to protect an execution lien upon land must, during the

pendency of the action to enforce the lien, file in the office of the clerk of the county court of the county wherein the land is situated the lis pendens notice required by section 2358a, Kentucky Statutes.

2.  Lis Pendens—Form and Requisites in General.—One who buys land without actual notice of the pendency of an action to enforce a lien, created by the levy of an execution, will be protected in his purchase as an innocent purchaser unless the creditor has filed the lis pendens notice required by section 2358a, Kentucky Statutes.

3.  Interest in Property or Proceeds—Parties—Intervention of Parties.—Under section 29, Civil Code, any person claiming a right to or interest in the property, or its proceeds, may during the pendency of an action and at any time before a disposition of the property is had, file in the action his verified petition, stating his cause, and this petition should be treated as his answer, and be allowed to support his claim by evidence.

JOHN H. GILLIAM and W. O. GILLIAM for appellants.

OLIVER & DIXON for appellee.

Opinion of the Court by Judge Sampson—Reversing.

Roark became indebted to the bank of Fountain run in the sum of $1,500.00, in 1913, and failing to make payment the bank in September, 1914, obtained a judgment against Roark for the amount of the debt, interest and cost. Execution was issued upon the judgment, and in January, 1915, credited by the sum of $1,166.00. The execution was thereafter levied upon a tract of land owned by Roark situated in Allen county near the Monroe county line, which he had purchased from Dr. Crosby for the sum of $2,000.00, and on which land the whole of the purchase money was then due and a lien against it. However, a sale was had of the land to satisfy the execution, and the bank of Fountain Run bid in the land for the amount of its debt, interest and cost, subject to the purchase money lien debt of Dr. Crosby against the said land, but the bank refused to execute a bond, or to assume and pay the lien debt of Dr. Crosby against the land, and the sheriff refused to execute a deed to the bank. Some time after the sale the lien debt of Crosby was discharged and the bank of Fountain Run instituted this action to enforce its execution lien on the lands of Roark. Roark demurred generally to plaintiff's petition, which demurrer was overruled. An answer was also filed in which he admitted the execution of the note, the

obtention of the judgment by the bank, the issual of the execution and the credit thereon of $1,166.00; the levy of the execution on the lands, the sale thereof by the sheriff, and purchase by the bank under execution, but it further alleged that the plaintiff bank had lost its lien, if any it had, by reason of the execution, by laches. Several other matters were set up in the answer to which it is unnecessary here to refer. An amended answer was also filed, setting up the fact that Roark had sold the lands levied on to Wooten, and to the answer as amended the bank filed its general demurrer, which was sustained by the court, and the answer and amended answer dismissed, and the following order entered:

"The defendant desiring to plead further the court granted a term of 10 days in which to file said pleading, and if not filed within said time, a judgment for the amount claimed in the petition shall be entered."

This last order was entered on September 28, 1917. On the next day L. S. Wooten and wife, D. E. Wooten, filed in the office of the clerk of the Allen circuit court a pleading styled, "Petition to be made party," in which they averred that on the 25th of August, 1917, they had, at a public sale at the home of Roark, conducted by an auctioneer, in the presence of a large crowd, after due advertisement, purchased the lands levied on by the bank for $1,255.99, and had paid thereon one-third of said price $418.33, and executed and delivered their notes to Roark for the balance of the purchase price in equal installments, due in one and two years from date of the sale; that they had no knowledge or information of the pendency of this action, or the levy or existence of the execution; that no *lis pendens* notice had been filed in the office of the clerk of Allen county court; that they were innocent purchasers; that the price paid was the reasonable fair cash value of the lands purchased. This verified pleading was filed, under section 29 of the Civil Code, in vacation; and on January 23, 1918, after due notice, the deposition of L. S. Wooten was taken in support of the petition to be made party and this deposition was filed in open court. At the January, 1918, term of court the cause was submitted for judgment, whereupon the court overruled the motion of the Wootens to have their petition to be made party noted of record, and denied the right of the interveners to be parties to the action and granted the prayer of the petition, sub-

jecting the lands in question to the execution lien of the bank, and directing a sale.

The Wootens prosecute this appeal.

It is admitted that there was no *lis pendens* notice filed in the office of the clerk of the Allen county court, as required by section 2358a Kentucky Statutes. The allegations of the petition to be made party, offered by appellant, manifest a right on the part of the Wootens to the relief sought. The Wootens were entitled to file their petition to be made party and to be heard upon their defense as therein set forth, and the court erred to their prejudice in rejecting their pleading and in striking their petition to be made party from the files. If, as they insist, the Wootens were innocent purchasers without notice for value, they are fully protected in their purchase of the land in this case, because there was no *lis pendens* notice filed as required by sec. 2358a Kentucky Statutes. Daniel v. Holtzclaw, 160 Ky. 522; Donacher v. Tafferty, 147 Ky. 337; Combs v. Miller, 149 Ky. 546; Daughtery v. Pond Creek Coal Company, 171 Ky. 606; Trapp v. Bailey, 152 Ky. 369; Connelly v. Mayo, 157 Ky. 445; O'Brien v. O'Brien, 183 Ky. 766.

The judgment is reversed with direction to allow the petition to be made party, offered by the Wootens, to be filed, and such further proceedings as are not inconsistent with this opinion.